## GEORGE A. DUBREUIL vs. GEORGE R. GAITHER, Receiver of the American National Bank.

### Equitable Set-Off—Estoppel.

The receiver of a bank filed a bill in equity alleging that a sum of money deposited in the bank in the name of a certain person as trustee, was really owned by parties who were indebted to the bank; that the trustee had brought suit against the receiver and recovered a judgment for the amount of the deposit because the Court of law had refused to allow the claim of the bank against the real owners of the deposit to be used as a set-off. The bill prayed that this set-off be established in equity and that the execution of the judgment be restrained. *Held,*

that the receiver is entitled in equity to set-off against the claim of the trustee the indebtedness to the bank of the persons entitled to the sum so deposited in trust.

*Held*, further, that the ruling of the law Court in the action by the trustee · against the receiver does not estop the latter from asking for the relief sought in this suit against all the parties in interest.

Appeal from Circuit Court No. 2, of Baltimore City (DOB-LER, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*Henry M. Nitzel* and *H. W. Henderson*, for the appellant.

*George R. Gaither* (with whom was *Louis McKim Kines* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal presents for our consideration a question of equitable set-off. It was taken from an order of Circuit Court No. 2, of Baltimore City overruling the appellant's demurrer to a bill filed against him by the appellee for an injunction to restrain the enforcement of a judgment.

The amended bill of complaint alleges that on or about April 10th, 1889, while The American National Bank of Baltimore City was still solvent and regularly conducting its business it discounted a joint and several note for $85,000, made by the appellant, George A. Dubreuil, Charles E. Cunningham, John W. Linton, John Burrows and John G. Hertel and that the proceeds of the discount were deposited with the same bank to the credit of George A. Dubreuil, trustee. That the note was made and discounted for the purposes of a joint or partnership enterprise, in which its makers were then engaged, of purchasing the capital stock of another banking institution. That the proceeds of the discounted note together with the other money which came to be deposited to the credit of the said trustee account was equally the property of all of the makers of the note as partners in their said enterprise

and was deposited in that manner, with the knowledge of the bank, merely as a matter of convenience for checking on the account. That the said partnership or joint undertaking of the makers of the note has long since failed and is insolvent and that its only asset consists of the hereinafter mentioned balance of $107.88 to the credit of the said trustee account.

The bill further alleges that the bank having become insolvent it was on or about December 21st, 1900, placed in the hands of a temporary receiver by the Comptroller of the Currency of the United States and that subsequently the appellant was by said Comptroller appointed permanent receiver of the bank as of April 1st, 1901, and that he has duly qualified.

It is also alleged that at the time of the failure of the bank and the appointment of the temporary receiver there remained to the credit of the said trustee account the sum of $107.88 and there remained unpaid on account of the said discounted note the sum of $53,427.28 which has been so reduced by dividends paid by the receiver as to leave $45,525.28 still unpaid, and that the value of the remaining collateral on the note will not exceed $4,000.

The bill then alleges that the appellant demanded payment of this balance of $107.88 by the appellee who refused to comply with the demand and claimed the right to hold that balance as an off-set against the amount still remaining due on the $85,000 note. That the appellant thereupon brought a suit at law in the Superior Court of Baltimore City against the receiver for the said balance of $107.88 and recovered a judgment against him because he was not allowed in that Court to offer evidence of the balance due on the promissory note as an equitable set-off to the plaintiff's claim.

The prayer of the bill is that the plaintiff be allowed an equitable set-off of the balance due on the note against the claim of Dubrueil, trustee, and that the latter may be restrained by injunction from further proceedings to collect his judgment and for general relief.

All of the living makers of the $85,000 note and the administrators of John G. Hertel who died before the filing of

the bill were made defendants, but none of them except Du-
breuil and the administrators of Hertel, who demurred to the
bill, seem to have appeared in the case.    The Court below
overruled both demurrers, and Dubreuil took the present
appeal.

We think the appellee should be allowed the relief for
which he asks and that the demurrers to his bill were prop-
erly overruled.    The bill alleges and the demurrers admit
that the money in the bank standing to the credit of Dubreuil,
trustee, was in fact owned by the makers of the discounted
note, as members of a now insolvent partnership for whose
benefit it was discounted, and that the deposit was made to
the credit of one of them described as "trustee" merely as a
matter of convenience to facilitate checking out the fund.
The bank has also become insolvent and ceased to be a going
concern.    Under all of the authorities its assets constitute a
trust-fund in the hands of the appellee as receiver to be dis-
tributed among its creditors according to principles of equity.
*Colton* v. *Drovers' Bldg. Assn.*, 90 Md. 93; *Clark* v. *Col-
ton*, 91 Md. 208–9; *Fear* v. *Bartlett*, 81 Md. 443; *Fogg* v.
*Blair*, 133 U. S. 534; *Railroad Co.* v. *Ham.*, 114 U. S. 587.

Equity in allowing set-off will usually observe the same
principles as Courts of law, but it is not limited by the tech-
nical rules which restrain those tribunals in dealing with this
statutory defense.    It "exercises an original jurisdiction over
the subject and will, when reason and justice require it, enforce
a counter claim though not within the letter of the statute."
*Colton* v. *Drovers' Bldg. Assn.*, *supra; Levy* v. *Steinbach*, 43
Md. 203; *Manning* v. *Thruston*, 59 Md. 228; *Smith* v. *Don-
nell*, 9 Gill, 84.    One of the grounds most frequently held by
Courts of equity to be sufficient to induce them to allow a set-
off is the insolvency of the party against whom it is claimed.
*Marshall* v. *Cooper*, 43 Md. 60; *Smith* v. *Donnell*, 9 Gill, 89;
*Scott* v. *Scott*, 17 Md. 91.    That ground exists in the present
case according to the undenied allegations of the bill.

Whatever may have been the legal rights of the appellant
in respect to the balance of this deposit, as between him and

the bank, so long as the latter was a going concern, it is apparent that the makers of the discounted note were the substantial owners of the deposit and that the two debts were essentially mutual in their nature. Therefore in the present suit, when all of the parties to the two transactions, or their representatives are before the Court and no third party is in the way, reason and justice require that for the purposes of the liquidation of the bank's affairs the doctrine of equitable set-off should be applied to the situation and the appellees claim should be allowed.

Nor do we think that the appellee is estopped from seeking the relief for which he now asks by the mere fact that he attempted to offer evidence to establish this equitable set-off in the action at law in which the judgment was obtained and was not permitted in that tribunal to do so. The record does not show why the evidence was ruled out in that case, but it was doubtless because the two debts were not on their face mutual and in the same right. That ruling of the law Court in an action between only Dubreuil and the receiver ought not to prevent a Court of equity in the present case from allowing an equitable set-off of the two debts, it being as we have already said, now admitted that the makers of the discounted note are the real owners of the deposit and all parties being before the Court and the rights of no third party being in the way.

In order to make the appellee's relief effective the injunction prayed for by him should also be granted. Courts of equity have repeatedly enjoined execution upon judgments at law to permit an equitable set-off which was not available at law. *Marshall* v. *Cooper, supra; Farquharson* v. *Pitcher,* 2 Russ. Chy. 81; *Scott* v. *Shrieve,* 12 Wheat. U. S. 605.

The order appealed from will be affirmed and the case remanded for further proceedings in accordance with this opinion.

> *Order affirmed with costs and case remanded for further proceedings in accordance with this opinion.*

(Decided January 15th, 1904.)