# THE DAVIDSON CHEMICAL COMPANY,
### a Corporation,

### *vs.*

# THE ANDREW MILLER COMPANY, a Corporation.

*Estoppel*: *issues not submitted to the jury. Rulings of trial court*: *how to be presented to the Court of Appeals; erroneous rulings; when not reversible error.*

A judgment rendered upon a verdict can not operate as an estoppel, in any future suit between the parties, as to an issue raised by a plea which had been withdrawn by leave of Court, before the case was submtited to the jury, and where all the evidence in support of such plea had been stricken out.      p. 140

It is error to submit to a jury the question of the existence or non-existence of facts concerning an issue as to which there is no evidence in the case.                      p. 138

Where it appears in the record that the granting of a prayer was objected to in the trial Court on a particular ground, and that such prayer was granted, it is a sufficient compliance with the provisions of Article 5, section 9 of the Code, to authorize the Court of Appeals to review the ruling of the lower court.

p. 139

An erroneous ruling of a trial court does not constitute reversible error, unless it appears by the record to have been prejudicial to the party objecting.                p. 140

*Decided December 19th, 1913.*

Appeal from the Superior Court of Baltimore City (DAW-KINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Frederick C. Colston* and *Charles McHenry Howard,* for the appellant.

*John Holt Richardson* and *George Washington Williams,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellee company in this case was employed by the appellant company to build for it a bulkhead along a part of the water front of its property at Curtis Bay, for which the appellee was to receive the net cost of the labor and material used in and upon said bulkhead plus ten per cent. The work was done and materials furnished and it is to recover compensation therefor that the suit in this case was instituted.

In addition to the general issue the defendant pleaded set-off to the plaintiff's declaration. The plea of set-off contained a special count in which it was stated, in substance, that the appellant under a contract with the appellee, made on the 7th day of July, 1910, had employed the appellee company to construct for it "about three hundred and sixty-five feet of bulkhead foundation" upon the water front of its property, in accordance with the terms of said contract which were fully set out in the plea, for the sum of $12.23 per lineal foot; that the work was commenced under the agreement and was com-

pleted before the construction of the part of the bulkhead mentioned in the declaration, to recover for the building of which the plaintiff's suit was brought, and before the contract therefor was executed; but that the construction was defective and not in accordance with the terms of said agreement; that by reason of such defective construction and as a result thereof, the defendant was compelled to repair and rebuild the said bulkhead at its own expense, amounting to the sum of $2,349.86.

The plaintiff joined issue on the general issue plea and demurred to the plea of set-off, and upon the demurrer being overruled the plaintiff replied that it was not indebted and that it did not promise as alleged, upon which issue was joined.

A number of witnesses were offered by the plaintiff who testified that the work was done and the materials furnished as set forth in an itemized statement or account filed with the plaintiff's *narr,* and in accordance with the terms of the contract or agreement made between the plaintiff and defendant by which the plaintiff was to build the bulkhead and the defendant was to pay the plaintiff therefor the net cost of labor and material plus a commission or compensation of ten per cent.

The defendant put in evidence the contract mentioned in his plea of set-off for the work previously done by the plaintiff and for which it had been fully paid under the terms of said contract, and offered evidence showing the manner in which the work under said contract was done, and describing the defects therein complained of. The defendant was then permitted, subject to exceptions, to show the cost of the material and labor expended by it in the reconstruction of said bulkhead, but later, upon motion of the plaintiff, the Court struck out, as the record discloses, all of the testimony in reference to the rebuilding of said bulkhead and the cost of the same, because, as contended by the plaintiff, the testimony showed that the bulkhead as reconstructed differed from the one which was to be constructed by the plaintiff under its contract

with the defendant. Testimony was then offered by the defendant tending to show that although the reconstruction of the bulkhead, in some respects, differed from its construction under the terms of the contract, nevertheless the cost and expense of so reconstructing it was less than it would have been had it been reconstructed in accordance with the terms of the contract, and again offered evidence showing the cost of such reconstruction, but the Court adhered to its former ruling and the defendant was not permitted to prove the cost of such reconstruction.

The defendant then asked leave of Court to withdraw its plea of set-off, that it might bring an independent action thereon, and to amend its pleadings by striking out its third plea (the plea of set-off), which leave was granted by the Court, and the defendant's pleas were then amended by striking out the third plea.

No further testimony was taken, and the plaintiff asked the Court to instruct the jury that "if from the evidence they find that the plaintiff did the work and furnished the material as set out and mentioned in the evidence, then their verdict must be for the plaintiff. *Provided, they further find from the evidence that the plaintiff is not indebted unto the defendant in a greater amount than that found by them from the evidence to be due the plaintiff.*"

The defendant resisted the granting of the prayer, its objection being specially directed "to the latter part of said prayer submitting to the jury any question as to whether the plaintiff was indebted to the defendant, upon the ground that its *claim* of set-off having been withdrawn by special leave of Court and the pleadings amended by striking out such plea, there was no longer any such issue in the case to be submitted to the jury." But the Court overruled the objection of the defendant and granted said prayer, to which action of the Court in overruling its said objection and granting said prayer the defendant duly excepted.

The only question, therefore, for us to decide is upon the correctness of the ruling of the Court in granting this prayer.

That portion of the prayer objected to by the defendant and to which the attention of the Court was specially directed, should not, in our opinion, have been inserted in the prayer. The plea of set-off, without which evidence of such alleged indebtedness of the plaintiff to the defendant could not have been admitted if objected to, was withdrawn by the defendant under leave of the Court, and the evidence upon which the defendant based its right of recovery of such alleged indebtedness was excluded by the Court. The undisputed evidence of the plaintiff established its right to recover under the contract sued on, without deduction therefrom by way of recoupment or otherwise; and with the defendant's testimony eliminated, there was nothing before the Court upon which the jury could find any indebtedness from the plaintiff to the defendant, or certainly no such evidence as could enable them to ascertain the amount of such indebtedness, and therefore it was error in the Court to submit to the jury, for its finding, any such indebtedness of the plaintiff to the defendant.

It is, however, contended by the plaintiff that the objection to the prayer was not so presented to the Court as to enable the defendant to avail itself of the error of such ruling, because, as the plaintiff contends, the attention of the Court was not specially directed, as required by statute, to a want of evidence to sustain the prayer.

In this contention we cannot agree with plaintiff. By the statute referred to (Article 5, section 9 of the Code of 1912) it is provided that "In no case shall the Court of Appeals decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below; and no instruction actually given shall be deemed to be defective by reason of any assumption therein of any fact by the said Court,—unless it appear from the record that an objection thereto for such defect, was taken at the trial."

The objection was made "upon the ground that its (the defendant's) *claim* of set-off having been withdrawn by leave of Court and the pleading amended by striking out such plea, there was no longer any such issue in the case to be submitted

to the jury." This, we think, sufficiently directed the attention of the Court to the assumption, in the prayer, of an indebtedness from the plaintiff to the defendant and upon which question so presented the Court passed, and thus the provisions of the statute were complied with.

As was said by JUDGE SCHMUCKER, in *Moses* v. *Allen,* 91 Md. 53: "It is plainly apparent from the record that the special objection made at the trial was passed upon by the Court. It is not essential that the special objection should be made in writing, or that it should form the subject of a special bill of exceptions. If it appears in the certificate under the hand and seal of the judge who tried the case, such as is found in the present record, that the special objection was in fact made by counsel and passed upon by the Court, it is sufficient. *Albert* v. *State,* 66 Md. 334."

Our attention is called by the appellees to the case of *Richardson* v. *Anderson,* 109 Md. 651, in which this Court said, speaking through JUDGE THOMAS, that "While a set-off must be specially pleaded, and evidence in support of it is not admissible unless it is so pleaded, *when such evidence is produced without objection,* and the right of recovery is not confined by the prayers to the pleadings and evidence, a set-off may be found in favor of the defendant."

That case differs widely from the case before us, and we fail to see how the rule there laid down can have any application to this case. In that case the evidence offered in support of a claim of set-off was admitted *without objection,* although such claim of set-off was not specially pleaded. In this case the set-off was specially pleaded. In this case the set-off was not specially pleaded, and it was under such plea that the evidence was offered but *excluded* by the Court for the reasons we have stated.

As we have said, the Court in our opinion committed an error in granting the plaintiff's prayer; but it is not a reversible error, unless prejudicial to the defendant, and it is not prejudicial to it, unless, as apprehended by the appellant, the judgment upon the verdict in this case will be a

bar to the defendant's right to recover in any future suit against the plaintiff for the loss and damage alleged to have been sustained by it by reason of the failure of the plaintiff to comply with the terms of the contract mentioned in the plea of set-off.

The claim of set-off was no longer in issue by the pleadings after the withdrawal of the plea of set-off; and the evidence offered by the defendant thereunder — the only evidence offered by the defendant—was excluded by the Court, or at least excluded to such an extent as to render it impossible for the jury to have ascertained the amount of the indebtedness, if any, owing by the plaintiff to the defendant, upon the alleged claim of set-off.

The record, in our opinion, clearly shows that there was no adjudication or determination by the jury of the question as to the alleged indebtedness of the plaintiff to the defendant, resulting from the alleged failure of the plaintiff to comply with the terms of the contract set out in the defendant's third plea, nor was there any evidence, as disclosed by the Record, upon which they could have determined this question. The judgment rendered upon the verdict of the jury cannot, in our opinion, operate as an estoppel in any future suit instituted by the defendant against the plaintiff to recover for the alleged loss and damage said to have been sustained by it, by reason of the plaintiff's alleged failure to comply with the terms of said contract with the defendant.

In a case in which a former adjudication is relied on as an estoppel, it should plainly appear that the fact or right was distinctly put in issue and found by the jury in a former suit. *Shafer* v. *Stonebraker,* 4 G. & J. 355; *Whitehurst* v. *Rogers,* 38 Md. 517.

The error of the Court in granting the plaintiff's prayer was not prejudicial to the defendant and is not therefore a reversible error. The judgment of the Court below will be affirmed.

*Judgment affirmed, with costs to the appellee.*