## ANNA M. I. F. PHILPOT and
## CATHARINE STEWART PHILPOT

### *vs.*

## FLORENCE B. GELSTON.

*Former decisions: when law of the case; binding on court and parties.*

It was sought to specifically enforce a covenant in a deed; the parties were the representatives of the parties to a former proceeding for the specific performance of the same covenant, in regard to the same subject-matter; in the earlier suit, the right to the relief was denied, and the decision was affirmed on appeal. It was: *Held,* that, in the second proceedings, the former decision was the law in the case, and was binding on the parties in the court below and on appeal, and was controlling on the Court of Appeals.                                    p. 594

If an exposition is given to a will or deed fully defining the rights of the parties, or any other opinion is expressed settling the title to the thing in dispute, between them, it should be deemed irrevocable, and never again touched, when the same persons, and those claiming under them, are concerned in the contestation.                              ·          p. 595

*Decided June 24th, 1915.*

Appeal from the Circuit Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Daniel R. Randall* (with whom was *Herbert M. Brune* on the brief), for the appellants.

*Joseph S. Goldsmith* and *Charles McHenry Howard,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The substantial facts of this case are undisputed and they are stated in the pleadings and in a general replication to the answer filed by way of agreement between the parties to the record and the exhibits in the case.

They will also be found fully set out in the cases of *Gelston* v. *Frazier,* 26 Md. 329, and *Frazier* v. *Gelston,* 35 Md. 298, and therefore need only be stated here in so far as it may be necessary for a consideration of the questions presented by the record now before us.

The controversy relates to the validity and enforcing of a covenant dated the 13th day of May, 1833, for the redemption of a ground rent entered into by one John Frazier and Mary A. Frazier, his wife, with one Wm. C. Harris as a part of a lease to the latter for the period of ninety-nine years renewable forever. The lease is dated the 13th of May, 1833, and is signed and acknowledged by Mary A. Frazier, Joseph Cabot, Trustee, and William C. Harris, and contains the usual provisions in such leases, applicable to Baltimore City, where the property is located and situated.

The covenant is as follows:

"The undersigned John Frazier and Mary Ann his wife named in the foregoing lease to William C. Harris do for themselves their heirs executors administrators covenant with the said William C. Harris his heirs and assigns that the said John Frazier and Mary Ann his wife and their and each of their heirs shall and will at any time hereafter during the continuance of the foregoing lease at the request and proper cost and charge in the law of the said William C. Harris his heirs or assigns and on his or their paying or tendering in payment to the said John Frazier and Mary Ann his wife or the survivor of them or the heirs of the survivor of the sum of eighteen thousand three hundred and thirty-three dollars and one-third of a dollar lawful money over and above all rent accrued by virtue of said lease and then in arrear make execute acknowledge and deliver or cause and procure to

be made executed acknowledged and delivered to the said William C. Harris his heirs and assigns a good and sufficient deed of conveyance in fee simple of and for the lot piece or parcel of ground and premises within described with the appurtenances free clear and discharged from the rent reserved by said lease and every part thereof. In Witness whereof the said John Frazier and Mary Ann Frazier his wife have hereunto subscribed their names and affixed their seals on this thirteenth day of May in the year of our Lord one thousand eight hundred and thirty-three."

The questions arise on a bill in equity for specific performance to enforce the covenant, and for a conveyance of the reversion in fee, in the ground described in the lease and for the extinguishment of the rent issuing therefrom.

It is admitted that all of the original parties to the transaction are dead. Mrs. Frazier died in 1874, Mr. Frazier in 1875, and Hugh Gelston the successor in title to the leasehold interest of Wm. C. Harris, died in 1873.

The plaintiff below and the appellee here, is alleged to be the present owner of the leasehold and is seeking by these proceedings to compel the specific performance and execution of the covenant of the 13th of May, 1833, as disclosed by the bill of complaint.

The defendants below and the appellants here, are the devisees of John Frazier, the owner of the reversion and ground rent, under a deed dated the 10th day of March, 1874, and recorded among the land records of Baltimore City.

The Circuit Court of Baltimore City by its decree of the 26th of March, 1915, ordered that the covenant annexed to the lease be specifically enforced as against the defendants and all persons claiming under the will of John Frazier, deceased, and appointed a trustee to convey the fee in and to the ground rent and reversion created and reserved by the lease to the plaintiff, upon the payment of the sum stated in the covenant and the accrued rent. The disposition of the

proceeds of the redemption of the ground rent was reserved for future determination.

It is from this decree that the defendants have appealed.

In the view we take of this case, it will not be necessary for us to consider all of the questions presented by the record and discussed in the very carefully prepared briefs of the counsel, because we are of opinion, that the substantial and controlling questions were determined adversely to the contentions of the plaintiff below (appellee) on the two former appeals to this Court. *Gelston* v. *Frazier,* 26 Md. 329; *Frazier* v. *Gelston,* 35 Md. 298.

The case of *Gelston* v. *Frazier, supra,* was an appeal from an order of the Circuit Court of Baltimore City, dated the 31st of March, 1866, dissolving an injunction. The bill in that case was for the specific performance of the identical covenant annexed to this lease now before us, and for an injunction.

The appellant, in the case, was Hugh Gelston, the predecessor in title of the appellee in this case and the owner of the leasehold at the time.

The appellees in the case, were John Frazier, Mary Ann Frazier and the trustees, parties through whom the appellants in this case derive their title. The decree of the Court below dissolving the injunction was affirmed by this Court and the cause remanded.

In the opinion delivered by Judge Weisel, it was held, that the covenant was invalid and fatally defective and could not be enforced in equity by a bill for specific performance. After stating the reasons for this conclusion he concludes the opinion by saying: "We deem it unnecessary to go into the inquiry whether the covenant was one in gross or one running with the land. The view we have taken of the covenant itself, and of its want of essential requisites to be enforced in equity, is amply sufficient for this case. The injunction in this case was ancillary, and the complainant's right to it depended upon the validity and sufficiency of the covenant, which we have thus pronounced fatally defective.

The injunction was properly dissolved. The cause, however, is to be remanded for further proceedings, to be disposed of on final hearing, in conformity to this opinion."

And it appears from the Record, that upon the remand, the bill was dismissed by the complainant on the 12th of March, 1867.

It further appears from an extract from the opinion of Judge Alexander, filed on March 31st, 1866, set out in the Record, and who decided the case in the Court below, that he treated the proceedings as a bill in equity "to enforce the specific performance of the covenant and contract for the redemption of a ground rent and to restrain by injunction the collection of that ground rent by distraint."

After stating the facts, and saying that every phase of the case was presented and ably and elaborately argued by the respective solicitors, he said: "Three leading points are made and presented by the proceedings. First, was the contract of the 13th of May, 1833, executed by John Frazier and Mary Ann, his wife (but not executed by Harris) for the sale of the fee to Harris, in harmony with the terms and provisions of the deed of trust of the 23rd of June, 1831, of Frazier and wife to Cabot, and binding upon Mrs. Frazier in contemplation of the guards with which the law protects the rights and privileges of a married woman? Second, is the contract such a one as a Court of equity will enforce the specific performance of? and if so, has the complainant Gelston acquired the rights of Harris under that contract, in virtue of the sale and assignment of the 25th of July, 1839, to him of the leasehold by the trustees? The solicitors for the complainant affirm, and the solicitors for the respondents negative, these propositions."

Upon the first proposition he held, that the alleged contract, as a covenant to extinguish the ground rent was void, and upon the second, that the contract, apart from the first objection, was wanting in the essential ingredients of a valid contract and could not be enforced in a Court of equity.

The third ground has no bearing upon the present case.

But apart from this in *Frazier* v. *Gelston,* 35 Md. 298, decided on March 14th, 1872, this Court affirmed and adopted in part, what had been decided in 26 Md. 329, *supra,* and said, "the Court of Appeals decided that Gelston was not entitled to the relief he asked—the specific performance of the covenant between himself and the complainant and her husband—because her trustee, Cabot, was not a party thereto, which was necessary under the provisions of the deed of trust. And it was further said, this covenant was made with Harris, and, according to the testimony in the cause, it was supposed by the parties interested in its performance, to have been a stipulation entitling the lessee to a conveyance of the fee, when its terms were complied with, until its character was legally defined by the decision of the Court of Appeals, in 26 Md. 329, *supra,* but that the execution of the covenant was insufficient to accomplish the purpose designed.

It is clear, we think, that the covenant here in dispute and now sought to be enforced, has not only been declared by the decisions of this Court, herein referred to, to be invalid and fatally defective, but unenforceable in a Court of equity, in a proceeding of this character.

This covenant contains the same subject-matter, the parties are the representatives of the same plaintiff and defendant, and the same relief is sought in a similar procedure by bill for specific performance, to enforce the covenant.

The law as then established and applied to the questions then before the Court constitute the law of this case, binding upon all the parties in the Court below and this Court, and must be held as controlling on this appeal.

In *Cumberland Coal and Iron Co.* v. *Sherman,* 20 Md. 131, it is said, that it is a cardinal maxim of justice and jurisprudence that the Court should adhere to its own decisions in the same cause and between the same parties, and those claiming under them.

In *Hammond* v. *Inloes,* 4 Md. 138, it is said, that the solemn adjudications of an appellate Court of last resort ought on general principles of judicial propriety to be

approached with caution and perhaps they should never be disturbed, except to settle some great rule of property the public interest requires to be reviewed. If an exposition is given to a will or deed (and so of an act of assembly) fully defining the rights of the parties, · or any other opinion is expressed settling the title to the thing in dispute, between them, it should be deemed irrevocable, and never again touched, when the same persons, and those claiming under them, are concerned in the contestation. If the Court of Appeals have disposed definitely of the subject, and fully and explicitly determined the rights of the parties, this Court ought to yield to the judgment, whatever our individual opinions may be of its correctness. *State* v. *Ramsburg,* 43 Md. 325; *McLaughlin* v. *Barnum,* 31 Md. 446; *State* v. *Cowen,* 94 Md. 494; *Cromwell* v. *County of Sac.,* 94 U. S. 361; *Martin* v. *Evans,* 85 Md. 8; *Waverly Bldg. Assn.* v. *Buck,* 64 Md. 342; *Offutt* v. *Jones,* 110 Md. 243; *Warburton* v. *Davis,* 123 Md. 230; *Penn. R. R. Co.* v. *Minis,* 120 Md. 494.

It therefore becomes unnecessary for us to prolong this opinion by a discussion of the remaining questions raised by the Record, because the law as settled by this Court in its previous decisions, upon the invalidity of the covenant here sought to be enforced, is the law of this case and binding upon the parties.

For the reasons stated, we are not able to agree with the conclusion of the Court below, and its decree of the 26th of March, 1915, will be reversed and the bill dismissed.

*Decree reversed, bill dismissed, with costs.*