# THE IMPERVIOUS PRODUCTS COMPANY,
## A Corporation,

### *vs.*

# H. EMORY GRAY.

*Set-off and recoupment. Res adjudicata. Uniform Sales Act: remedies under—; rights of plaintiff; election.*

The plea of set-off is of purely statutory creation and is limited to *mutual debts,* of the same kind or quality, and which are certain, and clearly ascertained, or liquidated.    p. 67

In an action of assumpsit, the defendant, under the general issue plea, may show injury to him by the plaintiff, on which to found claim for recoupment.    p. 67

Under the statute, under a plea of set-off, a defendant who has proved the items or accounts which go to establish the plea, may recover a judgment against the plaintiff for any sum that the proof shows the plaintiff owes him, over and above the amount of plaintiff's claim.    pp. 67-68

But in recoupment, while the defendant may show damages, equal to the whole or part of the plaintiff's claim, and have it deducted therefrom, he can not recover any affirmative judgment against the plaintiff.    p. 68

Under the Uniform Sales Act, where, upon a breach of warranty of goods sold, if the plaintiff resorts to one of the distinct courses therein provided for, no other remedy is thereafter to be granted him.    p. 69

A verdict and judgment upon the merits in a former suit, is in a subsequent suit between the same parties, where the cause of action, damages or demand is the same, conclusive against the plaintiff's right to recover, whether pleaded in bar or given in evidence under the general issue, and such prior verdict and judgment need not be pleaded by way of estoppel.    pp. 68-69

*Decided November 11th, 1915.*

Appeal from the Superior Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Julius H. Wyman* and *Jacob S. New,* for the appellant.

*Ridgely P. Melvin* (with whom was *W. Thomas Kemp* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

In the year 1911, H. Emory Gray entered into a contract with the State Roads Commission for the construction of a road on Patapsco street, between First street and Pennington avenue, Brooklyn, Anne Arundel County. For the execution of that contract Mr. Gray, among other materials, had occasion to purchase a preparation known as binder, and in the month of September agreed with the Impervious Products Company for the supply of it, which he would need in the construction of the road under his contarct. The terms of that agreement were as follows:

"September —, 1911.

"H. E. Gray, Esq.,

"Brooklyn, Md.

"Dear Sir—We agree to furnish you with Fairfield Binder No. 5 hot at our plant at 9c. per gallon, and guarantee same to comply with the State's specification.

"Yours very truly, .

"Impervious Products Co."

A portion of the binder thus contracted for was furnished to Mr. Gray by the Impervious Products Co. in the fall of 1911, and it appears to have fully met the requirements of Mr. Gray's contract with the State Roads Commission. Dur-

ing the winter the work under Mr. Gray's contract was sus-pended, but with the opening of the spring of 1912 it was resumed, the binder being furnished as before by the Impervious Products Co., but at this time the binder failed to prove satisfactory, and was condemned by the State Inspector, and a portion of the road which had been built by Mr. Gray during that spring was required to be rebuilt. Where Mr. Gray obtained the binder for the rebuilding does not clearly appear in the record, but apparently from some source other than the Impervious Products Co.

In April, 1913, the Impervious Products Co. instituted suit against Mr. Gray for the sum of $345.60, as the purchase money due for binder furnished between June 17th and June 21st, 1912. To this suit Mr. Gray filed the general issue pleas, and a plea in set off, worded as follows:

"That the plaintiff is indebted to the defendant in an amount greater than the plaintiff's claim * * * and the defendant claims $600, which amount except for excess claimed by defendant he is willing to set-off against the plaintiff's claim."

Then followed a bill of particulars of the defendant's claim, amounting to $440.05. Upon these pleadings that case went to trial, and after evidence taken and instructions given by the Court, resulted in a verdict for the defendant.

In 1914 the present suit was instituted by Mr. Gray to recover as damages $334.20, and in this suit the plaintiff and present appellee filed a bill of particulars identical with that filed with his plea of set off in the previous suit, except that in this account the labor was charged at 15c. an hour, instead of 20c. an hour, as in the first suit.

Numerous exceptions were taken during the trial of this case, all of which, however, revolve around the question whether Mr. Gray was estopped from maintaining the second suit, by reason of the earlier one, and a determination of whether the first suit amounted to *res adjudicata.*

The first suit was in assumpsit for goods sold and delivered. To this suit a plea of set off, where the nature of the set off claimed was an unliquidated damage, was an improper plea. *Westminster Co.* v. *Coffmann,* 123 Md. 619. The plea of set off is a defense of purely statutory creation and is limited to mutual debts; to make a plea of set off good the debts must be mutual, must be of the same kind or quality, and be certain and clearly ascertained or liquidated. 1 *Poe on Pleading,* section 613.

That the claim of Mr. Gray in the first suit was one in the nature of a claim for damages for non-compliance with the provisions of the contract hereinbefore set out, is perfectly clear, both from the two bills of particulars filed in the respective cases and from the testimony of Mr. Gray himself. But while the plea of set off and evidence given in the first suit could not have been sustained as or under a plea of set off, the evidence was entirely proper to be given under the general issue pleas filed, because it tended to show a right to recoup on the part of Mr. Gray. Numerous cases in this State have sustained the doctrine that a defendant may in an action of assumpsit under a general issue plea, show injury on which to found a claim for recoupment. *Doggett* v. *Tatham,* 116 Md. 147; *Rawlings* v. *Nash,* 117 Md. 393; *Sullivan* v. *Boswell,* 122 Md. 539.

The appellee has strongly urged that the plea of set off having been an improper one, he is not now precluded from setting up his claim of damages, and relies for this on the case of *Davidson Chemical Co.* v. *Miller,* 122 Md. 140. In that case, however, while a plea of set off had been filed, the plea was subsequently withdrawn and the issue was not presented to the jury. In the present case the plea of set off never was withdrawn, and the rejection of the defendant's second prayer in the first suit by no means shows that the claim of the defendant was not submitted to the jury in that case. That prayer as offered was defective for a very patent reason. Under the statute in this State, where a defendant has pleaded a set off, and has proved the items or account

which go to make up his set off, the defendant can recover a judgment against the plaintiff for such sum as the proof may show the plaintiff to be indebted to him, over and above the amount of the plaintiff's claim. In recoupment a defendant may show damages equal to some part or the whole of the plaintiff's claim, and have it deducted from that claim; but can recover no affirmative judgment. The defendant's second prayer, if granted, would have instructed the jury that they might in a matter of recoupment find an affirmative verdict in damages for the defendant, and for this reason was fatally defective. 1 *Poe on Pleading,* sections, 515, 516; *Beall* v. *Pearre,* 12 Md. 550; *Harman* v. *Bannon,* 71 Md. 428; *Eureka Fertz. Co.* v. *Balto. C. S. & R. Co.,* 78 Md. 189.

It has already been pointed out that the bill of particulars filed by the defendant in the first suit was practically the same as the bill of particulars filed by him as plaintiff in the present suit, and his testimony in the present case shows that the claim now made was the same claim as was made in that suit. As early as the case of *Shafer* v. *Stonebraker,* 4 G. & J. 355, JUDGE DORSEY said: "The plea of not guilty (which on the first trial had been the general issue plea), put in issue not only every material fact contained in the declaration, but every defense admissible in evidence under such plea of which the defendant should offer testimony."

The evidence on the first trial being, as has been recited, and the verdict of the jury having been, in favor of the defendant, there is no possibility of avoiding the conclusion that what the jury in fact found in that case was that Mr. Gray had suffered a damage which he was entitled to recoup to the extent of the whole of the then plaintiff's claim. Such being the case the language of this Court in the case of *Beall* v. *Pearre,* 12 Md. 550, becomes peculiarly apposite: "A verdict and judgment upon the merits in a former suit, is in a subsequent suit between the same parties, where the cause of action, damages or demand is the same, conclusive against the plaintiff's right to recover whether pleaded in bar or given in evidence under the general issue, and such prior

verdict and judgment need not be pleaded by way of estoppel."

The doctrine thus laid down has been uniformly followed in this State, of which the following cases are but examples: *Whitehurst v. Rogers,* 38 Md. 515; *Oursler* v. *B. & O. R. R. Co.,* 60 Md. 358; *Trayhern* v. *Colburn,* 66 Md. 279; *Brooke* v. *Gregg,* 89 Md. 234.

In this condition of the law it was error in the trial court to have refused the defendant's second prayer, and that of course made the granting of the two prayers of the plaintiff also erroneous.

Most of the exceptions reserved upon questions of evidence during the course of the trial related to evidence tending to show the nature of the prior litigation between the parties, and in so far as those rulings bore upon that aspect of the case, they were tinged with the same error.

In the brief of the appellant considerable space was devoted to showing that this case fell within the provisions of the Uniform Sales Act, section 90 of Article 83 of the Code. It is undoubtedly true, as contended by the appellant, that if the letter of the Impervious Products Co. of September, 1911, constituted a warranty of the goods sold, and there was any breach of that warranty, then the buyer had four distinct courses open to him, as set out in the Act; but that after having resorted to and adopted one of these courses no other remedy could thereafter be granted to him. Undoubtedly by giving evidence in the way of recoupment in the first suit, the present appellee made his election, and having so elected was bound by it, and could thereafter have no other or further remedy. But upon either ground, that of election of a defense under the Uniform Sales Act or that of *res adjudicata,* the result is the same, and the judgmeent below must be reversed.

> *Judgment reversed without a new trial, appellee to pay the costs.*