# THOMAS H. WILEY ET AL.

## vs.

# GEORGE N. McCOMAS ET AL.

*Res Adjudicata—Order of Orphans' Court.*

A prior judicial decision, in order to be conclusive of a question raised in a separate suit, must have been a final judgment on the merits rendered in the exercise, and within the scope, of a competent jurisdiction, and the subject and parties in both causes must be identical.                                    p. 639

A decision on the issue of survivorship as between husband and wife, both killed in the same accident, rendered by the orphans' court, in accordance with a mandate of the Court of Appeals, in a case involving the determination of who were entitled to the husband's personal estate, is not conclusive upon the issue of survivorship in a suit in ejectment, by the heirs of the wife against the heirs of the husband, to determine the title to his real estate.                                    p. 640

*Decided January 13th, 1921.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

The cause was argued before BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Stevenson A. Williams* and *Shirley Carter,* with whom was *E. J. Cook* on the brief, for the appellants.

*Isaac Lobe Straus* and *Wm. Pinkney Whyte,* with whom was *C. Gus Grason* on the brief, for the appellees.

URNER, J., delivered the opinion of the court.

In the case of *McComas* v. *Wiley,* 134 Md. 572, the appeal was from an order of the Orphans' Court of Harford County, which dismissed a petition of the administrator of the estate of Mary Edith Wiley, claiming the personal estate of her deceased husband, on the ground that it had passed to her under his will, by which his whole estate was devised and bequeathed to her absolutely, it being alleged that she survived her husband, although both lost their lives in the same accident. The petition was dismissed by the orphans' court upon the theory that the evidence in the case failed to prove the survivorship of Mrs. Wiley, and that nothing therefore became vested in her under the terms of her husband's will. The conclusion of this court from the evidence was "that Mrs. Wiley survived her husband, and that by virtue of the provisions of his will in her favor the administrator of her estate is entitled to the fund in controversy." In view of this conclusion the order of the Orphans' Court was reversed and the cause remanded to the end that an order might be passed in accordance with our opinion.

The present suit is in ejectment, and it was brought by the heirs of Mrs. Wiley against the heirs of her husband, to recover the real estate of which he was seised at the time of his death. In the trial of the case below, the issue joined was held to be controlled and determined by the adjudication in the case presented on the previous appeal. Upon this theory the record of that case was admitted in evidence over objection by the defendants, and their proffers to prove that Mrs. Wiley did not survive her husband were refused. The prayers offered by the defendants in opposition to the theory of *res adjudicata* were likewise rejected. These are the rulings to which the exceptions in the record refer, and they are all concerned with the single question as to whether the decision in the former case is conclusive of the issue involved in this action.

There are some very important differences between the pending case and the one previously decided. This is an action of ejectment to try the title to real estate. That was a proceeding to assert a claim to personal property. In this case the parties are acting in their individual character as heirs at law. The petitioners and respondents in the other case were claiming and defending in their representative capacities as administrators. The order of the orphans' court entered in pursuance of our decision on the former appeal was passed in reference to a subject within its jurisdiction. The present issue is one which it had no authority to determine.

As originally filed the petition in the other case claimed the right of possession of both the real and personal property of the decedent. One of the grounds of a demurrer to the petition was that the determination of the ownership of the real estate was beyond the jurisdiction of the orphans' court. The demurrer having been sustained and the petition dismissed, the case was appealed to this court, and is reported in 132 Md. 406. In affirming the order below, without prejudice to the right to file a new petition, we held that so far as the real estate was concerned a question of title was involved which the orphans' court had no power to adjudicate. Because of that ruling no claim to the real estate was included in the subsequent proceeding, which resulted in the order reversed on the second appeal, and upon which the theory of *res adjudicata* asserted in the present case is predicated.

In order that a prior judicial decision may be conclusive of a question raised in a separate suit, it must have been a final judgment on the merits, rendered in the exercise, and within the scope, of a competent jurisdiction, and the subject and parties in both causes must be identical. These are all essential elements of the principle of *res adjudicata*. A statement of the principle in the recent case of *Christopher v. Sisk,* 133 Md. 51, as quoted from 15 *R. C. L.,* p. 950, is as follows: "Briefly stated, this doctrine is that an existing,

final judgment or decree rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, upon matters within its jurisdiction, is conclusive of the rights of the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, on the points and matters in issue in the first suit." As defined by Chief Judge McSherry in *Johnson* v. *Stockham,* 89 Md. 376, the principle is that "when an issue has once been fairly tried in a court having jurisdiction of the parties and of the subject-matter, and has been finally decided on the merits, it cannot, except upon appeal, be again controverted by the same parties, in the same or any other tribunal. There must be an identity of parties, an identity of subject-matter and a decision on the merits, and jurisdiction over both parties and subject, or the defense will not be available. The absence of any of these constituent elements will defeat the plea." The doctrine thus defined has been applied in many other decisions of this court. Some of the later cases are: *Impervious Products Co.* v. *Gray,* 127 Md. 64; *Philpot* v. *Gelston,* 126 Md. 589; *Phila., B. & W. R. Co.* v. *Baltimore,* 124 Md. 635; *Feldmeyer* v. *Werntz,* 119 Md. 285; *Emmert* v. *Middlekauff,* 118 Md. 399.

The issues raised in the orphans' court proceeding and in the pending ejectment suit both depend upon the question of survivorship as between Mr. Wiley and his wife. But the decisions in the two cases could not be similar in their purpose and effect. The object and result of the former case was to determine who were entitled to the personal estate in process of administration. In the present suit a decision is sought between opposing claimants of the title to real estate with which the administration was in no way concerned. The jurisdiction of the orphans' court in the case tried before it acquired, of course, no greater scope or potency because the case was brought to this court for review. If there had been no appeal, the decision of the orphans' court would have precisely the same effect in reference to the question now pre-

sented. There is nothing in the order of that court which gives it the character of a judgment *in rem* with respect to the subject-matter of this ejectment suit, and makes it binding as such on those not parties to the petition upon which the order was passed. It was not equivalent to an adjudication as to the validity or construction of the will, as suggested in the argument, and the decisions cited upon that theory are therefore not available as precedents. The probate of the will was not the subject of contest, and its simple provisions required and received no judicial interpretation. It was in reference to conditions independent of the will that the decision of the orphans' court was rendered. The proceeding was certainly not *in rem* so far as the real estate was concerned, and the conflicting claims determined by the order were asserted by administrators who sustained no relation of privity with the heirs at law by whom this suit is prosecuted and defended.

It is clear that the issue in this action of ejectment was not decided in the case tried in the orphans' court, and that if it had undertaken to pass upon the title to the real estate involved in this litigation, its order, to that extent, would have been nugatory. There was no jurisdiction which it possessed or attempted to exercise over the subject of the present suit or the parties between whom it was instituted. It necessarily follows that the order of the orphans' court relied upon as a conclusive adjudication of the issue in the pending case is not entitled to be given that effect under the conditions shown by the record.

*Judgment reversed with costs and new trial awarded.*