SEABOARD TERMINALS CORPORATION *v.* AMER-
ICAN OIL COMPANY.

AMERICAN OIL COMPANY *v.* SEABOARD
TERMINALS CORPORATION.

[Nos. 4, 5, October Term, 1935.]

*Decided December 5th, 1935.*

The causes were argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Albert A. Doub* and *George Cochran Doub,* with whom were *Ridgely P. Melvin* and *Parker, Carey & Doub* on the brief, for the Seaboard Terminals Corporation.

*Paul R. Kach* and *H. Rank Bickel, Jr.,* with whom were *Karl F. Steinmann* and *Edward H. Brownley* on the brief, for the American Oil Company.

SHEHAN, J., delivered the opinion of the Court.

There are two appeals in this record. Both are the result of rulings on demurrers filed by the American Oil Company to an amended replication in a suit of ejectment brought by the Seaboard Terminals Corporation against the American Oil Company in the Circuit Court for Anne Arundel County. These rulings and refusal to amend resulted in a judgment being entered on April 5th, 1935, in favor of the defendant, the American Oil Company, for costs. The court sustained the demurrer to the amended replication to the second plea, and this is the basis of the appeal by the Seaboard Terminals Corporation. The court overruled the demurrer to the amended replication to the third plea, this ruling being the basis of the appeal by the American Oil Company. The pleadings are involved, and bring into the suit parties other than those in the instant case.

The Seaboard Terminals Corporation, plaintiff below and appellant in the first appeal, brought this suit in ejectment against the American Oil Company to recover possession of a parcel of land at Curtis Bay in Anne Arundel County, upon which was located a large

oil tank, designated in these proceedings as tank No. 20, and for damages for the wrongful retention of the property by the American Oil Company. The only question presented in this case is whether or not a judgment in the Superior Court of Baltimore City (May term, 1933) was *res judicata* of the respective claims of the parties to these two appeals. The court below ruled that the judgment against the American Oil Company for costs in that case was *res judicata* of the claim of the American Oil Company for breach of contract, and also *res judicata* of the claim sued on in the instant case by the Seaboard Terminals Corporation. Such was the effect of the rulings on these demurrers. It is necessary to review the proceedings in the case of the American Oil Company *versus* Seaboard-Midland Petroleum Terminals Corporation and Seaboard Terminals Corporation and Baltimore Terminals Corporation in the Superior Court of Baltimore City, in order to fully understand the questions of law raised by the demurrers. It should first be observed that the record of the proceedings in that case, by stipulation, became a part of the pleadings in this case, and were before the lower court in passing upon the defense of *res judicata*.

On the 15th day of August, 1933, the American Oil Company sued the Seaboard-Midland Petroleum Terminals Corporation (for convenience hereinafter referred to as the Midland Corporation) in the Superior Court of Baltimore City for large damages alleged to have been caused by a breach of contract of the Midland Corporation with the American Oil Company for the purchase of large quantities of gasoline to be delivered by the American Oil Company to the Midland Corporation, and to be received and paid for by the Midland Corporation, in accordance with the terms of the contract, the details of which it is not necessary to recite at length.

The Seaboard Terminals Corporation and the Baltimore Terminals Corporation in writing guaranteed the performance by the Midland Corporation of its contract to the same extent as though these two guarantors were

parties to the contract. When the suit of the American Oil Company against the Midland Company was first instituted, the Seaboard Terminals Corporation and the Baltimore Terminals Corporation were not made parties to the suit. Eight days after the suit was instituted in the Superior Court, the Seaboard Terminals Corporation filed this suit against the American Oil Company in the Circuit Court for Anne Arundel County, and two days after this suit was filed the American Oil Company, by leave of court, filed an amended declaration in the Superior Court, making the Seaboard Terminals Corporation and the Baltimore Terminals Corporation parties defendant with the Midland Corporation. To this suit in the Superior Court, the Seaboard Terminals Corporation, in addition to the general issue plea, set up in a special plea of set-off the claim for $50,000 damages, sought to be recovered in this ejectment case for the alleged wrongful retention and use and occupation of tank No. 20.

So far as the claim for damages is concerned, this plea is substantially that asserted in this ejectment case in Anne Arundel County. The Baltimore Terminals Corporation, in its pleading in the Superior Court, did not plead a set-off or counterclaim, but the Midland Corporation set up a counterclaim against the American Oil Company, alleging that it had sustained great losses because of an alleged breach of contract upon the part of the American Oil Company in its failure to deliver gasoline in conformity with the terms thereof.

With these defenses, the case in the Superior Court went to trial before a jury. The jury was instructed by the court that there was no evidence in the case sufficient to entitle the Midland Corporation to any claim of set-off under its plea. We therefore have the case before the jury on general issue pleas by the defendants and a special plea of set-off by the Seaboard Terminals Corporation for wrongful use and occupation of its property, including tank No. 20, against the American Oil Company.

We have not set forth at length all of the sundry plead-

ings, motions, and procedure in this case, but the above statement substantially covers the situation. It will be observed that under the pleadings and the instructions of the court the only counterclaim left for the consideration of the jury was that of the Seaboard Terminals Corporation; nevertheless, the jury returned a verdict in form, as follows: "The Clerk: How do you find, for the plaintiff or the defendants?" "The Foreman: We find for the defendants." "The Clerk: In what amount do you assess damages against the plaintiff?" "The Foreman: Fifteen Thousand Dollars ($15,000.00)."

This verdict did not follow the issues as presented by the pleadings or the instructions of the court, or the evidence offered in the case, because there was no counterclaim upon the part of the Baltimore Terminals Corporation, and the counterclaim of the Midland Corporation was disallowed, and the only evidence to be considered as to a counterclaim under the plea of set-off was that of the Seaboard Terminals Corporation. The evidence as to this counterclaim was such in amount that the jury in its discretion could have assessed $15,000 damages against the American Oil Company in favor of the Seaboard Terminals, but not in favor of the other two defendants. As a result of this verdict, the American Oil Company moved the court: (a) For a judgment *non obstante veredicto*. (b) For an arrest of judgment. (c) To amend the docket entries and give judgment in accordance with the provisions of section 14 of article 26 of the Code. (d) For a new trial.

The first three of these motions were overruled, and the court stated that the motion for a new trial would be granted, unless the three defendants and each of them enter a *remittitur* of $15,000, this being for the entire amount of the verdict returned. The *remittitur* was entered and thereupon the motion by the plaintiff for a new trial was overruled, and on the 19th day of May, 1934, a judgment on the verdict made absolute in favor of the defendants for costs The principal questions presented on these appeals are:

First. Whether this judgment is *res judicata* of the suit of the Seaboard Terminals Corporation against the American Oil Company in Anne Arundel County.

Second. Whether this judgment is *res judicata* of the claim of the American Oil Company against the Seaboard Terminals Corporation on its claim for breach of contract against the Seaboard Terminals Corporation as a guarantor of the contract between the American Oil Company and the Midland Corporation. It should be observed that it is stated in the pleadings that on November 1st, 1933, the oil tank on the property sued for in ejectment was not refused to be surrendered after that date to the Seaboard Terminals Corporation, leaving the claim of the Seaboard Terminals Corporation for wrongful use and occupation by the American Oil Company prior to that date.

Restating what has already been said, the rulings on the demurrers in the Anne Arundel County Court held that the suit in the Superior Court is *res judicata* as to both the claim of the Seaboard Terminals Corporation and the American Oil Company against each other, and that the suit in the Superior Court concluded and ended, these claims, and judgment was entered accordingly, from which judgment these appeals are taken.

For reasons to be subsequently stated, which are independent of the question of *res judicata,* the court is of the opinion that the state of the pleadings did not admit of the judgment rendered by the Circuit Court for Anne Arundel County, and its judgment must be reversed, but the court will not confine the opinion to these reasons, and will discuss the problems raised by the plea of *res judicata,* because of its importance in this case.

In these appeals it is contended by the American Oil Company that the mere entry of the judgment for costs against it in favor of the defendants in the Superior Court case is conclusive as to all the rights of the Seaboard Terminals Corporation, and amounts to a full and complete adjudication of its claim. In the appeal of the

American Oil Company it is not seriously contended that the said judgment is conclusive of its rights under the claim for damages for alleged breach of contract by the three defendants in the Superior Court case, but the appeal is taken so that its rights may be preserved in the event that the decision of this court may be adverse to the American Oil Company.

The rules governing the plea of *res judicata* have been clearly defined by this court. In the case of *Wiley v. McComas,* 137, Md. 637, 640, 113 A. 98, 99, Judge Urner stated that in order to constitute a plea of *res judicata* a prior judicial proceeding must have resulted in a final judgment on the merits, rendered in the exercise, and within the scope of, a competent jurisdiction, and the subject and parties in both cases must be identical. *Christopher v. Sisk,* 133 Md. 48, 51, 104 A. 355; 15 *R.C.L.* 950; and quoted at length the principle as defined by Chief Judge McSherry in *Johnson v. Stockham,* 89 Md. 368, 376, 43 A. 943: "When an issue has once been fairly tried in a court having jurisdiction of the parties and of the subject-matter, and has been finally decided on the merits, it cannot, except upon appeal, be again controverted by the same parties, in the same or any other tribunal. There must be an identity of parties, an identity of subject-matter and a decision on the merits, and jurisdiction over both parties and subject, or the defense will not be available. The absence of any of these constituent elements will defeat the plea." See *Impervious Products Co. v. Gray* 127 Md. 64, 96 A. 1; *Philpot v. Gelston,* 126 Md. 589, 95 A. 485; *Philadelphia, B. & W. R. Co. v. Baltimore City,* 124 Md. 635, 93 A. 146; *Feldmeyer v. Werntz,* 119 Md. 285, 86 A. 986; *Emmert v. Middlekauff,* 118 Md. 399, 84 A. 540.

In applying the above rules, the trial court is permitted to go far in investigating all the facts and circumstances relating to the trial and final judgment, in order that it may determine whether it was on the merits of the case, and fairly and finally concluded the rights of the parties, and that the judgment as rendered was legal.

*Davidson Chemical Co. v. Andrew Miller Co.*, 122 Md. 134, 89 A. 401; *Dubreuil v. Gaither*, 98 Md. 541, 56 A. 965.

Applying the rules as above laid down, there can be no doubt that the court had jurisdiction in the premises, but it may not be said that the subject-matters in these suits in Baltimore City and in Anne Arundel County are the same, because the instant case is one in ejectment with an incidental claim for damages, while the suit in the Superior Court was a claim for damages growing out of breach of contract. In the instant case the parties are not identical with the parties in the Superior Court case. Here we have the Seaboard Terminals Corporation suing the American Oil Company. There we have the American Oil Company suing the Midland Corporation, the Seaboard Terminals Corporation, and the Baltimore Terminals Corporation. The subject-matter here is principally the right to recover a parcel of land. The subject-matter there was contractual relations pertaining to a contract of sale between the American Oil Company and the three companies named above. It does not appear that the instant case complies with all the tests above laid down, and the failure in any one of the required elements is fatal to the defense of *res judicata*.

In a further application of the above rules, wherein it is required that there must have been a disposition and final settlement of the case upon its merits by a valid judgment, it should be stated that a joint debt cannot be set off against a separate debt, nor a separate debt against a joint debt, but a separate debt may be set off against a joint and several debt, and, conversely, a demand that is joint and several may be set off against a separate demand. *Ghingher v. Fanseen*, 166 Md. 519, 172 A. 75; *Cohen v. Karp*, 143 Md. 208, 122 A. 524; 24 *Ruling Case Law*, sec. 72. In the case of *Cohen v. Karp*, 143 Md. 208, 212, 122 A. 524, Harry Karp and Rebecca, his wife, had pleaded set-off and introduced in evidence a claim against the plaintiff's demand. The set-off claim was a separate demand or claim of the defendant Harry

Karp and it was found by the jury to be in excess of the plaintiff's claim. The verdict of the jury was in favor of both of the defendants, but this court said that the verdict should not have been for both of them, but for Harry Karp alone, and "it was because the verdict for such excess was for both defendants that the motion and arrest of judgment was filed, and this motion, in our opinion, should have been granted and the judgment arrested."

The motion of arrest in the Superior Court was not allowed and there was no appeal, so the judgment rendered became final. The effect of this judgment in the Superior Court is one of the controverted questions. After the verdict was rendered, the court below could not separate the verdict and render judgment for the Seaboard Terminals Corporation, the only defendant that had a counterclaim upon which a verdict against the plaintiff could have been returned. Evidently the jury felt that the Seaboard Terminals Corporation was entitled to a verdict of $15,000, for that is the only explanation that can be made of its action. The court, however, could not permit the verdict to stand for $15,000 or any other substantial sum in favor of the Baltimore Terminals Corporation or the Midland Corporation, because the Baltimore Terminals Corporation had presented no counterclaim, and it had been ruled in the prayer that the Midland Corporation had offered no evidence sufficient to sustain its claim of set-off, but the court did submit to the jury for its finding whether the Seaboard Terminals was entitled to a verdict under the evidence. This being the case, it must be concluded that the jury had intended to award to the Seaboard Terminals Corporation a verdict for $15,000, but the court felt required to strike this down, evidently because the verdict was improperly rendered in favor of the other two defendants, and being so rendered, a judgment could not be entered thereon.

In the case of *Dubreuil v. Gaither, supra,* the court looked beyond the pleadings and considered the testimony offered in support of the set-off, and concluded that the judgment in that case did not fairly represent

a real decision on the merits of the claim. We feel that in the Superior Court for Baltimore City there has not been a final adjudication on the merits of the Seaboard Terminals claim; in fact, all the indications are that there was not a fair and final conclusion and disposition of the matter. This is further confirmed by the verdict of the jury, the condition of the pleadings, and the fact that the American Oil Company was unable to recover against the Midland Company or the Baltimore Terminals Company, both of which occupied the same position towards the American Oil Company, as did the Seaboard Terminals Corporation with regard to the contract for the sale of gasoline, but not in regard to counterclaims. It is clear that the jury felt that that American Oil Company was not entitled to any recovery in its suit for breach of contract, and it is equally clear that the jury, in view of the pleadings and instructions of the court, felt that the Seaboard Terminals Corporation had a valid claim against the American Oil Company, and it follows that the striking down of this verdict for $15,000 resulted not as a disposition of the claim on its merits. The verdict was rendered contrary to instructions and not in pursuance of the issues in the case, and it therefore could not stand in favor of any or all the parties, because the court had not the power to enter one judgment in favor of the Seaboard Terminals Corporation, and a different judgment in favor of the other two defendants, on the verdict as rendered.

It, therefore, must be concluded that the judgment rendered in the Superior Court did not determine, under the pleadings and the facts here stated, any right of action of the Seaboard Terminals Corporation against the American Oil Company on the former's counterclaim. The judgment, however, was for the defendants, and, ordinarily, that would be conclusive of the plaintiff's right of action against the defendants. Here, however, the pleadings show a claim for damages in a large sum ($156,333.51) and a counterclaim set up by two of the defendants for very large amounts; the Midland Cor-

poration for $200,000, and the Seaboard Terminals Corporation for $50,000. In the confused state of the pleadings, it is impossible to say that the jury in their verdict of $15,000 for the defendants did not reach their conclusion by finding, first, that the plaintiff was entitled to recover a certain sum, and the defendants a certain sum, and, secondly, that the $15,000 represented the difference in favor of the defendants of these two amounts. So, it follows that the verdict finally entered by the court against the defendant was not conclusive against the American Oil Company, and in effect leaves all the questions open except the matter of costs. Summing up, it follows from what has been said that the judgment in the Superior Court will not support a plea of *res judicata* in the action in the Anne Arundel court for the reasons that the parties are not the same and that the causes of action are different. Furthermore, the judgment in Baltimore City was in actions on claims for damages growing out of breaches of contract, and a judgment rendered would be no bar to an action in ejectment, where the right of recovery depends upon title to land, and its right of possession.

The trial court in the pending case was, therefore, in error in sustaining the defendant's demurrer to the plaintiffs' amended second and third replications to the defendants' second and third amended pleas.

When the judgment was rendered in this case, the parties were at issue on the general issue plea and at issue on the defendants' third plea of counterclaim. Although the question is not referred to in the briefs, or presented by either of the parties in the argument at bar, it should not be ignored. To the declaration filed in this ejectment case, the defendant (American Oil Company) pleaded "not guilty," together with special pleas, and in the amended pleas this general issue plea was refiled, together with the other pleas, and in the amended replication there was a joinder of issue on this plea of not guilty. Thus there was presented an issue in fact, and this issue stood, irrespective of the rulings on the de-

murrers and the disposition of the special pleas, and, because all of the issues under the general and special pleadings were not disposed of, there could not be a final judgment from which an appeal could be taken, and for this additional reason there should be a reversal of that judgment, and the case should be remanded.

*Judgment reversed and cause remanded, the American Oil Company to pay the costs of both appeals, Nos. 4 and 5.*