LEMON v. GRAND RAPIDS & INDIANA RAILWAY CO.

RAILROADS—NEGLIGENCE—SIDEWALKS—DEPOT GROUNDS.

> A railroad company is bound to keep in a reasonably safe condition a path across its grounds which is customarily traveled by passengers in going to and from its depot, although it has provided for them another and safe way.

Error to superior court of Grand Rapids; Newnham, J. Submitted January 15, 1904. (Docket No. 57.) Decided June 7, 1904.

Case by John A. Lemon against the Grand Rapids & Indiana Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*T. J. O'Brien* and *James H. Campbell*, for appellant.

*E. A. Maher*, for appellee.

MOORE, C. J. This is an action brought by plaintiff to recover damages for injuries received by him upon the

railroad premises at the village of Morley.    The case was
tried by jury.    The plaintiff recovered a judgment of $900.
The defendant brings error.

The annexed plat will show the situation.   The plaintiff was a passenger on a train which came from the south. It is his claim that there was a well-traveled path used by passengers going to and from the station, and leading from the station building past the pump in the station yard to the plank walk north of the depot; that the pump was placed in the station yard by defendant, and supplied the only water for drinking purposes used by passengers waiting at the station, and that there was with it a drinking cup to be used for drinking purposes; that the water used for scrubbing out the station building was obtained at this pump, and that from the spout of the pump there was a trough several feet long to carry away the waste water, and that it did carry it across the beaten path, with the result that the water froze, and made a mound of ice in the beaten path, which was very slippery.   His testimony was that, after alighting from the train, he followed other passengers traveling in the beaten path until he came to the icy place, which was covered with a thin fall of snow, which concealed its dangerous character, when he fell, and received severe injuries.

It is the claim of defendant that it was the duty of the plaintiff to follow the crushed-stone walk, which it had provided for the use of passengers, until he came to the plank walk running to the east, and, if he had done so, he would not have been injured.   It is the claim of the plaintiff that the crushed-stone walk was not for the exclusive use of passengers, but was also used by the trainmen, and especially those having charge of the baggage; that it was but five feet wide, and, when the baggage truck was opposite the baggage car receiving the baggage and mail, that the whole width of the walk was used.

The defendant rests its defense upon two propositions:

1. That the stone walk and plank walk having been provided by the defendant for the use of persons going to and from its station and trains, and those walks being in good repair and condition, and affording a proper, safe, and convenient means of passage for plaintiff in going from the

train, the defendant is not liable for the injuries received by him falling when going across the premises by a short cut, instead of going upon the walks which the defendant had provided.

2. That the plaintiff, in going across the ground, outside the walks, and upon the ice near the pump, instead of going upon the walks provided by the defendant, which were then in proper and safe condition for use, was guilty of contributory negligence, which precluded a recovery by him.

It claims the court should have directed a verdict in its favor.

The court charged the jury, among other things, as follows:

"Now, gentlemen of the jury, I charge you that the mere fact that the plaintiff suffered an injury does not, of itself, entitle him to recover, but his right to recover depends upon whether the company (the defendant in this case) has been negligent in not keeping the way in a reasonably safe condition. If you find, gentlemen of the jury, that the plaintiff, while going from the defendant railway company's depot at Morley on the 24th of December, 1902, made use of a path commonly used for passage on foot across the company's grounds by persons having occasion to go to and from the depot or trains on said grounds, and such path at the time appeared to be in general use for that purpose, and the plaintiff was exercising such a degree of care as a person of ordinary prudence would have exercised under the circumstances as they appeared at the time, and received the injuries complained of by slipping and falling because the defendant company had suffered or permitted such path to become and remain in a dangerous condition for passage by reason of ice upon the path, and snow covering and concealing such ice, then the plaintiff is entitled to recover the damages he has sustained by reason of such injury.

"If you find, gentlemen of the jury, that the defendant, without objection, notice, or protest, permitted its passengers to cross its depot grounds on this diagonal walk or line, then it was its duty to keep its grounds along such walk in a reasonably safe condition for the coming and going of its passengers; and, if you find that the defendant permitted such use, it makes no difference

that there was another and safer way by which the plaintiff might have passed out. If this diagonal way had been a public and common way, to the knowledge of the defendant, for any considerable length of time, so that it became one of the ways recognized by the company and its agents to go to and from the depot, then it was the duty of the company to keep it reasonably safe to go and come upon, the same as it would a route which it had actually provided. That is to say, gentlemen of the jury, that although there may have been other and safer ways of going from the depot to the town, yet, if the railroad company had permitted this to be used, and it had become of general use, and the company knew it and permitted it, then it became a way of egress which it was the duty of the company to keep in reasonably safe condition before they could escape liability for injuries which might be occasioned by reason of their neglect to keep it in a reasonably safe condition."

If the jury believed the testimony offered upon the part of the plaintiff to be true, it brought the case within *Cross* v. *Railway Co.*, 69 Mich. 363 (37 N. W. 361, 13 Am. St. Rep. 399). See *Collins* v. *Railway Co.*, 80 Mich. 390 (45 N. W. 178); *Flagg* v. *Railway Co.*, 96 Mich. 30 (55 N. W. 444, 21 L. R. A. 835); Hutch. Carr. § 519. We think the questions involved in the case were properly submitted to the jury.

Judgment affirmed.

The other Justices concurred.