# ROBERT C. SMITH *vs.* NORTHERN CENTRAL RAILWAY COMPANY ET AL.

*Gratuitous Passengers: liability of common carrier. Ice on platform of railroad station. Railroads: free transportation; agents of express companies. Public Service Commission.*

A gratuitous passenger of a ·common carrier is ordinarily entitled to the same care and protection on the part of the carrier as those who pay regular fare. p. 483

A common carrier may be liable for injuries sustained through its negligence in permitting a platform provided by it for the use of its ·passengers to be in an unsafe condition on account of the presence of ice. p. 484

It is not a violation of the Public Service Commission Law, section 16 of Chapter 180. of the Acts of 1910 (Code, Art. 23, secs. 428-440), for a railroad to give free transportation to an employee of an express company doing business over its lines. p. 485

In a suit brought against a railroad company by a passenger for injuries received by him upon leaving the train, due to ice on the platform, it is a sufficient allegation of the defendant's negligence, if the declaration avers that the injury occurred through the gross negligence of the defendant with respect to the duty it owed him of providing a safe means of departure from the trains. p. 486

*Decided January 17th, 1913.*

Appeal from the Superior Court of Baltimore City (AMBLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*Linwood L. Clark,* for the appellant.

*Shirley Carter* (with *Bernard Carter & Sons* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The declaration in this case originally contained a single count which alleged, in substance, that the defendant corporations own and operate a railroad running from Calvert Station to Union Station in Baltimore City and thence to points in and beyond the State of Maryland; that the defendants are under contract with the Adams Express Company to handle its express business on their railroad; that the plaintiff was employed by the Express Company as night watchman over its packages and property on the defendant's premises at Calvert Station, and had been so employed about six years; that about six o'clock on the morning of December 22nd, 1910, when his night's work was over, and while it was still dark, he was admitted through the regular passenger gate and boarded a train for Union Station on his way home; that when the train arrived at Union Station he alighted and was in the act of crossing the regular passenger platform connected with the station when he unknowingly stepped upon a sheet of ice, which caused his foot to slip and catch in a groove between a track and the platform, throwing him on his hands and knees and breaking one of his legs in two places and causing other bodily injuries; that for five years he had been in the habit of going home by the route described after his night's work was finished; that his use of this means of returning home from his work was at the request and invitation, and with the full knowledge and consent of the defendants and their authorized agents; that he

was always admitted regularly through the passenger gate, and the agents of the defendants authorized to collect fares had never demanded any from him, but if they had done so, he would have paid his fare; that the accident resulting in the injury complained of was caused by gross negligence on the part of the defendants, their agents and servants, in the premises, without any fault or negligence on the part of the plaintiff thereunto directly contributing.

To this declaration the defendants demurred, and the Court below having sustained the demurrer the plaintiff filed by leave of the Court an amended declaration containing three counts. The first count adopted the allegations of the original declaration. The second, in addition to reproducing the averments of the first, included a statement to the effect that the plaintiff had for some time tendered his fare to the agents of the defendants authorized to receive it, but that it was not accepted, and that he continued to make such tenders until he found it useless. In the third count the allegations of the first are again repeated in connection with the averment that as the plaintiff was lawfully on the premises of the defendants they owed him the duty of providing a safe means of departure, and that his injury occurred through the gross negligence of the defendants with respect to the observance of this duty while he was leaving their premises in the way he customarily used at their invitation.

The demurrer was renewed to the declaration as amended, and to each of its counts, and was sustained. As the plaintiff declined to amend further, judgment was entered for the defendants on the demurrer. From this judgment the plaintiff has appealed.

The averments for each count of the declaration clearly place the plaintiff in the position of a gratuitous passenger at the time of the injury for which he sues. It is not disputed that such a passenger is ordinarily entitled to the same care and protection on the part of the carrier as those who pay the regular fare. This principle is settled in this State by the case of *Abell* v. *Western Md. R. R. Co.,* 63 Md. 433,

and has been generally adopted in other jurisdiction. Numerous cases on the subject are collected in 6 *Cyc.* 544, and in a case note to *Indianapolis Trac. & Terminal Co.* v. *Lawson,* (C. C. A.) 5 L. R. A. (N. S.) 721. It is not denied also that a carrier may be liable for injuries sustained through its negligence in permitting a platform it has provided for the use of its passengers to be in an unsafe condition on account of the presence of ice. *Topp* v. *United Rys. Co.,* 99 Md. 637; *Weston* v. *N. Y. Elevated Ry. Co.,* 73 N. Y. 595; *Lemon* v. *Grand Rapids & I. Ry. Co.,* 136 Mich. 647; 100 N. W. 22; *Maxfield* v. *Maine Central R. Co.,* 100 Me. 79; 60 Atl. 710; *Waterbury* v. *Chicago, M. & St. P. R. Co.,* 104 Iowa, 32; 73 N. W. 341; *Chicago & N. W. R. Co.* v. *Smith,* 59 Ill. Appls. 242.

The contention in this case is that the transportation of the plaintiff as a gratuitous passenger was a violation of the provisions of the Public Service Commission Law of Maryland, and that since the plaintiff was participating in the alleged unlawful act when he was injured he cannot recover. The statutory provisions upon which the defendants rely are contained in sections 428 and 440 of Article 23 of the Annotated Code of 1912. It is provided by section 16, Acts 1910, Chapter 180, page 358, that: "No common carrier subject to the provisions of this sub-title shall, directly or indirectly, issue or give any free tickets, free pass or free transportation for passengers or property between points within this State, except to" (certain enumerated classes including) "employees of sleeping car companies, express companies, telephone and telegraph companies doing business along the line of the issuing carrier." Section 440 provides that: "Every person who, either individually or acting as an officer or agent of a corporation or person, other than a common carrier, railroad corporation or street railroad corporation, shall violate any provision of this sub-title, * * * or who shall procure or aid or abet any such corporation or person in a violation of this sub-title * * * shall be guilty of a misdemeanor."

It is urged that the plaintiff, though an employee of an express company doing business along the line of the defendants, could not lawfully accept free passage on the defendants' train in returning home from work because he was not then personally engaged in the business of the express company. Upon the theory that he is not entitled to the benefit of the exception in section 428 it is earnestly contended that the plaintiff at the time of the accident was plainly guilty under section 440 of procuring, aiding or abetting the defendants in violating the prohibition of the statute as to free transportation of passengers and is consequently precluded from recovering for an injury to which his own unlawful act contributed. We do not find it necessary to discuss this argument in its entirety, because we are clearly of the opinion that it was not a violation of law for the defendants to grant or for the plaintiff to accept the gratuitous passage in the course of which he was injured. As the Act in express terms permits the free transportation of employees of express companies doing business along the defendants' line, and as the demurrer admits that the plaintiff was an employee of such a company on the occasion in question, we can see no reason to hold that he was not entitled to the benefit of the exception which the statute plainly provides.

Prior to the enactment of this legislation there was no limitation in the law of Maryland upon the right of carriers to transport passengers without charge, and the statute now in force leaves that right unrestricted as to the classes it excepts. There is nothing in the statute to support the construction that the exception applies only to the designated employees when they are travelling upon the business of the employing companies. The Legislature has defined the persons to whom, but not the purposes for which, free passage may be lawfully given and accepted in the case of the class under consideration. The Court would have to assume a duty which was manifestly not intended to be imposed if it should attempt to sub-divide the classes the Act specifies and to prescribe further terms and conditions for the exercise of

the right it reserves.  We accordingly hold that the declaration shows the plaintiff to have been travelling lawfully, as a gratuitous passenger on the defendants' road and premises, when he received the injury of which he complains, and since the objection we have discussed will be overruled upon that ground we will indicate no opinion as to whether the plaintiff would have been without remedy if he had been injured while travelling contrary to the prohibition of the statute.

No point has been made as to the sufficiency of the charge of negligence in the declaration, but it is proper, under demurrer, that this feature of the case should be considered. In each of the counts a description of the accident, and the unsafe condition to which it is attributed, is followed by the allegation that it was caused by gross negligence on the part of the defendants in the premises.  This Court has sustained as sufficient, in a suit between passenger and carrier, a declaration which alleged that the plaintiff was injured as the result of the defendants' negligence in the *management* of its railroad and the car and train in which the plaintiff was traveling.  *Phil. B. & W. R. Co.* v. *Allen,* 102 Md. 110. The Code form of declaration in suits between parties sustaining this relation permits the mere averment that "by reason of the insufficiency of an axle of the car in which he was riding the plaintiff was hurt; and the defendant did not use due care in reference to said axle, but the plaintiff did use due care."  Art. 75, sec. 24, sub-sec. 36.

In this case the declaration mentions the specific condition as to the existence of which the carrier is charged with negligence, and it would seem to be as explicit in this respect as the rule of pleading applied in the *Allen case, supra,* and illustrated in the Code form we have quoted, would require.

We think the demurrer should have been overruled.

> *Judgment reversed, with costs to the appellant, and case remanded for a new trial.*