CHARLES KURZON, INC., Respondent, v. JOSEPH FREISTAT, Defendant, and JANET FREISTAT, Appellant.— Resettled order modifying defendant-appellant's demand for a bill of particulars affirmed, with ten dollars costs and disbursements; the bill of particulars to be served within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

THEODORE LEVY, an Infant under the Age of Fourteen Years, by MORRIS L. LEVY, His Guardian ad Litem, and MORRIS L. LEVY, Respondents, v. THE CITY OF NEW YORK, Appellant, and DIME SAVINGS BANK OF BROOKLYN, Defendant.— Action by infant-plaintiff for damages for personal injuries and by his father for loss of services. The infant-plaintiff, while coasting on a sled along the sidewalk of one of the streets in the borough of Brooklyn, was injured when the sled collided with a tree stump. The stump was located two feet four inches outside of the building line and in the sidewalk area about six feet inside of the five-foot cement walk on the sidewalk. Judgment in favor of plaintiffs reversed on the law, with costs, and complaint dismissed, with costs. In our opinion, no negligence was shown on the part of the city, and the infant-plaintiff was guilty of contributory negligence as matter of law. There is no obligation on the part of the city to maintain the sidewalk in such a condition as to make it safe for those using it for coasting on sleds. Nor could the city be expected to anticipate the danger. Moreover, by coasting on the sidewalk the infant plaintiff was violating the statute. (Penal Law, § 1907.) Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.

ALICE M. NEWELL, Respondent, v. BROOKLYN BUS CORPORATION, Appellant.— The plaintiff, while attempting to alight from a standing bus on which she was a passenger, was thrown to the ground by a sudden jerk of the bus and was injured. She had a verdict. Judgment affirmed, with costs. Plaintiff was not required to show what caused the sudden jerk which resulted in the accident, but it was the duty of the defendant to explain that. (*Martin* v. *Second Avenue R. R. Co.*, 3 App. Div. 448; *Bente* v. *Metropolitan Street R. Co.*, 90 id. 213; affd., 180 N. Y. 519.) Davis, Adel and Close, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to reverse and to dismiss the complaint on the ground that there is no proof of negligence.