SMITH *v.* BALTIMORE TRANSIT COMPANY ET AL.

[No. 55, September Term, 1957.]

*Decided November 22, 1957.*

The cause was argued before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

*Wylie L. Ritchey* for the appellant.

*John E. Boerner,* with whom were *James J. Lindsay* and *Patrick A. O'Doherty* on the brief, for the appellees.

Collins, J., delivered the opinion of the Court.

This is an appeal by Elsie P. Smith, plaintiff, appellant, from a judgment for costs entered in favor of the Baltimore Transit Company and John William Dickel, defendants, appellees, as a result of the granting of a directed verdict in favor of the defendants in a suit by the plaintiff against the defendants.

Plaintiff, about 5:45 P. M. on January 2, 1954, boarded a bus of the Transit Company at Howard and Redwood Streets in Baltimore on her way home from work. It had been snowing and sleeting continuously for a period of from eighteen to twenty hours prior to that time. There were at least three inches or more of snow and ice covering the streets and roads of Baltimore City and Baltimore County at the time plaintiff boarded the bus and at the scene of the accident in question at about 7:15 P. M. that evening.

Mr. Dickel, the operator of the bus, had been operating it for approximately six hours, prior to the time of the accident. He was a regular bus operator for the Transit Company and had made several trips on this particular run. He stated that the roads were slippery and everyone was slipping and sliding "a little", especially on hills. He stated that at Butler Road and Railroad Avenue in Glyndon, where the accident happened, the construction of the road "is like a blade, macadamized, and it has a crown in the center, which means it slants towards the right and left. * * * Toward the curb." Snowplows had been through and had pushed the snow from the center of the road toward the curb. The bus had had difficulty on the way out from Baltimore City on account of the slippery road conditions and had skidded and slipped on hills prior to the accident. At one time on this trip, the driver was unable to allow a passenger to alight at a regular stop because it was in the middle of a hill. He took the passenger to the top of the hill, advising her that he could not stop in the middle because he did not believe he could get the bus started again. The bus proceeded and pulled into the stop at Butler Road and Railroad Avenue, immediately prior to which the plaintiff had arisen from her seat, walked to the front of the bus and deposited her fare in the fare box. The bus came to a stop with its right rear wheel against the curb

and the operator opened the right front door. Plaintiff stepped down to the last step and, while she was in a position with one foot raised to step out of the bus, the right front wheel of the bus slid sideways and struck the curb, which was eight to ten inches high, with such force that it threw the plaintiff on the pavement. As a result she sustained the injury complained of.

A member of the Baltimore County Police Department testified that, when he arrived at the scene shortly after the accident, he observed "A sideway skid mark from the right front wheel of the bus to the curb approximately a foot in length." As pointed out by the learned trial judge, in his explanation to the jury as to why he was granting a directed verdict, it was not developed in the trial from what point the officer made the measurement but it was fair to assume that the measurement was an overall measurement, that is to say, that part of the skid mark would actually include the width of the tire. As is well known, the tires on buses are rather large. It therefore seems, from the officer's testimony, that the front end of the bus did not slide a total distance of twelve inches but rather the difference between the width of the tire and the distance to the snow against the curb or the curb against which the wheel bumped.

Like the plaintiff, we are unable to find an exactly similar situation in the Maryland cases.

Plaintiff relies on a number of out of state cases, among which are the following: *Schwartz v. Brooklyn & Queens Transit Corp.*, 264 App. Div. 905, 36 N. Y. S. 2d 70, 71; *Cordes v. Surface Transportation Corp.*, 40 N. Y. S. 2d 878; *Heidt v. People's Motorbus Co. of St. Louis* (Mo. App.), 9 S. W. 2d 650; and *Newell v. Brooklyn Bus Corp.*, 255 App. Div. 857, 7 N. Y. S. 2d 512. In *Schwartz v. Brooklyn & Queens Transit Corp., supra,* plaintiff was about to board the defendant's trolley car at a street intersection. She slipped and fell upon ice six feet in width, which extended from four to five feet from the car track toward the curb. There were other places along the track nearby which were free of ice. The lower court dismissed the complaint at the close of plaintiff's case because the negligence on the part of the defendant

was not proved and because the plaintiff was guilty of contributory negligence as a matter of law. On appeal it was found that the mere fact that the plaintiff knew of the existence of the ice was not of itself sufficient to charge her with contributory negligence as a matter of law. It was further held that it was the duty of the defendant to furnish the plaintiff with a reasonably safe place from which to board the car and that that negligence was a question of fact for the jury. However, in that case, as above stated, there were places nearby free from ice. Such was not the fact in the instant case. In *Cordes v. Surface Transportation Corp., supra,* plaintiff, a passenger on a bus, gave a signal of her desire to alight. The operator stopped and she said he directed her to leave by the side door exit, which was some distance from the sidewalk curb with an intervening pile of snow between the exit steps and the sidewalk curb. As she put her foot on the curb she slipped on the accumulated ice and snow, fell and sustained injuries. The court held that it was the duty of the defendant to furnish the passenger with a reasonable and safe place in which to leave the bus. The questions of primary negligence and contributory negligence were submitted to the jury, which found for the plaintiff and the judgment was affirmed. In that case it was not stated whether snow and ice covered the entire ground or just the place where the passenger was compelled to alight.

In the instant case, according to the evidence, all of the ground was covered with ice and snow. Even if the bus had stopped with its front wheel against the curb, the passenger would still have been obliged to alight on ice and snow. In *Heidt v. People's Motorbus Co. of St. Louis, supra,* plaintiff was riding in a bus on a seat next to the aisle, on a crowned road which was slippery due to rain. The bus slid sideways and struck the curb and the jerk threw plaintiff from her seat to the floor whereby she sustained injuries. The case was submitted to the jury and the judgment for the plaintiff was affirmed. In that case the plaintiff testified as to the jerk the fact that she was thrown from the seat and she had no knowledge as to what caused the motor bus to jerk or jolt. It was there held that, since plaintiff's testimony did not show just

what specific act caused the accident, the doctrine of *res ipsa loquitur* applied. Such is not the case here.

The plaintiff contends that the doctrine of *res ipsa loquitur* applies in the instant case. We do not agree with this contention. Chief Judge Sobeloff, in the case of *Hickory Transfer Co. v. Nezbed,* 202 Md. 253, 96 A. 2d 241, in discussing that doctrine, stated that in some cases, the injured party may show the happening of the event and rest, and in lieu of direct proof of negligence he may rely on the inference of negligence to be deduced from all the circumstances. In such a case ."the thing speaks for itself" or *res ipsa loquitur.* However, where the plaintiff himself proves the details of the happening and, having undertaken to prove the details, he has foregone reliance on *res ipsa loquitur.* Here, the plaintiff proved by her own testimony that the cause of the accident was the slipping of the front wheel of the bus. Therefore, the doctrine of *res ipsa loquitur* does not apply here. *Maszczenski v. Myers,* 212 Md. 346, 129 A. 2d 109.

Plaintiff, in her declaration, relies in part on the fact that there were no chains on the tires on the bus. However, this point was not pressed in the argument or brief of the plaintiff. As it is very unusual to have chains on the front wheels of a motor vehicle and as it is not disputed that the right rear wheel was against the curb, it is evident that the lack of chains in no way related to the cause of this accident.

Of course, the Transit Company had no control over and would not ordinarily be responsible for any defect in the street or sidewalk. *Topp v. United Railways & Electric Co.,* 99 Md. 630, 636, 59 A. 52; *Adams v. Baltimore Transit Co.,* 203 Md. 295, 100 A. 2d 781. Here, the spot where the plaintiff alighted and also the curb and sidewalk were covered with ice and snow. If the bus had stopped with its front wheel against the curb, plaintiff would still have been compelled to step into snow and ice just as she would have been at the spot where the bus stopped before the skidding. Therefore, the fact that the bus was stopped at a point where the passenger would be compelled to alight in ice and snow is not significant here.

The final question, therefore, is whether the defendant was

negligent in stopping the bus at a place other than against the curb due to the grade and the icy condition of the street, and whether a reasonable and prudent bus driver having due regard for the carrier's passengers would have done what Mr. Dickel did under the same conditions.

In *Fillings v. Diehlman,* 168 Md. 306, 177 A. 400, plaintiff, a passenger in defendant's car, was injured when the car attempted to pass a truck proceeding in the same direction. Defendant had accelerated his speed and skidded on the wet and slippery car tracks and collided with an oncoming streetcar. This Court held that there was sufficient evidence of speed on the part of the defendant, in causing the automobile to skid, to warrant the submission of the issue of negligence to the jury. It was said in that case:

> "It is conceded, and indisputable, that the skidding of an automobile is not in itself sufficient to justify an inference of negligent operation. See numerous cases cited in 58 A. L. R. 266; 64 A. L. R. 261. But such an inference is permissible when the skidding results from the driver's negligent disregard of conditions by which such a risk is created or increased."

In *Billmeyer v. State, Use of Whiteman,* 192 Md. 419, 64 A. 2d 755, an automobile not equipped with chains skidded on an icy surface, struck and killed a person in the street. It was there said:

> "It is difficult to find any evidence of primary negligence on the part of Billmeyer. His rate of speed was not excessive, and the failure to have chains on his car would not seem to support an inference of negligence under the circumstances. It is a matter of common knowledge that chains do not prevent skidding upon icy surfaces, although they afford better traction in soft or deep snow. If we assume that Billmeyer's car did skid, and not merely swerve, in the sudden emergency, that fact alone would not be evidence of negligence. *Stafford v.*

*Zake,* 179 Md. 460, 462, 20 A. 2d 144; *Wolfe v. State,* 173 Md. 103, 116, 194 A. 832. Compare *Burhans v. Burhans,* 159 Md. 370, 150 A. 795. It would only be significant in connection with antecedent conduct, such as excessive speed, or disregard of normal precautions against foreseeable dangers. *State v. Greaves,* 191 Md. 712, 718-719, 62 A. 2d 630, 633; *Fillings v. Diehlman,* 168 Md. 306, 309, 177 A. 400."

In *Cook v. United Railways & Electric Co. of Baltimore,* 132 Md. 553, 104 A. 37, where the driver of the skidding vehicle was held guilty of negligence, he was operating his car at an excessive rate of speed. In *Wolfe v. State, Use of Brown,* 173 Md. 103, 194 A. 832, it was stated that skidding is not in itself, and without more, evidence of negligence. Skidding may be evidence of negligence if it appears that it was caused by a failure to take reasonable precautions to avoid it, when the conditions at the time make such a result probable in the absence of such precautions. To the same effect see *State, Use of Whitaker v. Greaves,* 191 Md. 712, 62 A. 2d 630. In *Thompson v. Peterson,* 235 Minn. 142, 50 N. W. 2d 53, the defendant drove a truck around a banked curb, while engaged in sanding a highway, in the lowest gear, traveling only four or five miles an hour. Because of ice the truck slid across the center line and struck plaintiff's truck coming from the opposite direction; it was there held that the collision was an unavoidable accident.

Of course, the Transit Company owed the highest degree of care for the safety of its passengers. It was not an insurer of the safety of passengers but was bound only to employ the utmost care and diligence which human foresight can use. It also owed its passengers a duty to deliver them to their destination as expeditiously as possible, consistent with safety. However, the degree of care which is exacted of these carriers is subject to reasonable limitations. The care is not the utmost and highest, absolutely, but the highest which is consistent with the nature of their business, and there must be due regard to its necessary requirements. *Smith v.*

*Baltimore Transit Co.,* 211 Md. 529, 537, 128 A. 2d 413, and cases there cited.

Where acts alleged to be negligent could not have been foreseen by the exercise of proper diligence, and are concurrent in their origin with the resulting injury, and as simultaneous therewith as physical cause and effect can be, and there is no antecedent dereliction or breach of duty, actual or constructive, constituting an ulterior or primary cause, the acts belong not to the class of negligent acts, but to that described as accidents. No action will lie for a mere accident, unmixed with negligence or fault on the part of the person to whom it is attributed. *Washington Turnpike Co. v. Case,* 80 Md. 36, 45, 30 A. 571.

If there was negligence on the part of Mr. Dickel, it must have been in not parking the bus with its right front wheel exactly against the curb. The grade was not steep. The distance from the right front wheel to the curb was so short, it is evident that the driver, while in the bus, could not have known whether the wheel was exactly against the curb. He could well have thought that it was. The only way he could have been sure of this fact was to have alighted from the bus and looked. This would have imposed an undue burden upon a carrier. His failure to do so was not a disregard of normal precautions against a foreseeable danger.

We are of opinion that the learned trial judge was correct in granting a directed verdict in favor of the defendant.

*Judgment affirmed, with costs.*