## BALTIMORE TRANSIT COMPANY *v.* BROOKS

[No. 127, September Term, 1960.]

*Decided February 7, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Edward J. Thompson* and *John E. Boerner* for the appellant.

*Harold Buchman,* with whom were *Louis Salzman* and *Lawrence B. Coshnear* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The successful plaintiff below was injured as he stepped from a trackless trolley onto an isolated patch of sheet ice on the street between the curb and the trolley, and fell. The owner of the trolley appeals on the ground that the case should not have gone to the jury because "the conflicting and speculative evidence" offered by the plaintiff "failed to disclose any breach of duty on the part of the Defendant to provide the Plaintiff with a reasonably safe place to alight."

Implicit in the question presented, as the appellant poses it, is that the law is that the operator of a streetcar owes a passenger alighting from the car the duty of furnishing a reasonably safe opportunity, means and place to alight. We agree that the law imposes on the streetcar carrier the duty to guard against such dangers or perils incident to alighting, as might readily be discovered in the exercise of that high degree of care which carriers owe to their passengers. *Smith v. Baltimore Transit Co.,* 214 Md. 560. This is not to say that the carrier is an insurer or that it is always to be held liable for injuries resulting from the condition of the street to which the passenger descends.

Essentially the dividing line between the case which must

go to the trier of fact for determination and the case in which there is no liability as a matter of law, is whether the operator saw, or in the exercise of that high degree of care compatible with the distracting and difficult undertaking of piloting a car or bus, should have seen the defect, peril or hazard and done more than he did to avoid exposing the passenger to it. Where the defect, peril or hazard was small or unlikely to have been seen, or the driver had no way or place to go to avoid potential danger to the passenger, as in *Smith v. Baltimore Transit Co., supra,* where snow and ice covered the entire area, it has been held there was no violation of duty. Where it was large or prominent, it is for the trier of fact to decide whether it should have been seen, or avoided.

The two lines of cases are collected in an annotation in 9 A.L.R. 2d 938. Discussion of those in which the carrier was negligent in failing to foresee and guard against that which was readily to be noticed or anticipated, begins at page 946; those in which the defect, peril or hazard was of such trifling character or so small or unlikely to have been noticed as not to have required discovery in the exercise of reasonable care are detailed on page 948, and the pages following.

Cases in which recovery by the passenger was allowed include *Schwartz v. Brooklyn and Queens Transit Corp.,* 36 N. Y. S. 2d 70, and *Cordes v. Surface Transportation Co.,* 40 N. Y. S. 2d 878, in both of which the facts were essentially similar to those of the case at bar. *Schwartz* was distinguished in the *Smith* case, to which we adverted, on the ground that the ice was an isolated patch and there were clear stretches of street on which the passenger could have been deposited, as in the instant case, but unlike *Smith.* It would appear that the same situation prevailed in *Cordes,* which the *Smith* case also distinguished. Other similar cases are *Wilson v. Kansas City Public Service Company* (Kan. C. Ct. App., Mo.), 238 S. W. 2d 73, and *Oklahoma Ry. Co. v. Wilson* (Okla.), 231 P. 2d 688.

There is no case precisely in point in Maryland but the decisions have indicated accord with the rules which have been discussed. In *Topp v. United Rys. & Electric Co.,* 99 Md. 630, it was held that there was prima facie evidence of negligence on the part of the carrier in inviting plaintiff to alight

into a declivity hidden by weeds and grass on its private right-of-way. In the opinion it was said that a street railway is not ordinarily liable to a passenger for the condition of the streets but the Court noted that there are cases where the unsafe condition of a street may require the carrier to warn passengers and assist them in alighting. The carrier was said to be liable to a passenger for injuries resulting from ice on its platform, in *Smith v. Northern Central Ry. Co.,* 119 Md. 481, and for harm resulting from ice on the steps of a car in *Washington, B. & A. Electric R. Co. v. Fitch,* 152 Md. 137. In *Hayes v. United Rwys. & Electric Co.,* 124 Md. 687, 696, the street railway was held not liable for the fall of a passenger who had alighted onto a public street into a ditch which was across the track and which she could have avoided by the taking of other routes. The Court distinguished authorities relied on by the plaintiff in the case by saying that in them "the very points at which the plaintiffs got off the cars were dangerous and unsafe places for passengers to alight, by reason of excavations, depressions or deep gullies into which they were obliged or were likely to step in leaving the cars * * *." Three times in the opinion the Court stressed that the plaintiff had alighted at a safe place in the street.

The evidence in the case before us was that the trolley stopped with the front exit four or five feet from the curb, that between the exit and the curb was an isolated sheet of ice six feet long and five feet wide (formed from a flow of water from around the corner). The curb, the sidewalk and the rest of the street were clear and free of ice. We think it was for the jury to determine whether the driver either saw, or in the exercise of the care required of him for his passenger about to leave the vehicle, should have seen the relatively large sheet of ice, and either driven onto it so the plaintiff could have stepped on the dry pavement, or have stopped short of it on the dry street. That the driver did not pull to the curb ordinarily and of itself would not necessarily be evidence of negligence but, under the facts here, could have permitted the drawing of the inference that he saw the ice and preferred to avoid pulling his vehicle on it. We find no error in allowing the case to go to the jury.

*Judgment affirmed, with costs.*